08 2700

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---X

CATHY BREZEALE,

Plaintiffs,

-against-

DAVOL, INC., and
C.R. BARD, INC.

Defendants.

---X

CASE NUMBER: VITALIANO, J.
MATSUMOTO, M.J.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 07 2008 ★
BROOKLYN OFFICE

Plaintiff, by her attorneys, **DOUGLAS AND LONDON, P.C.**, on behalf of herself, upon information and belief, at all times hereinafter mentioned, alleges as follows:

## NATURE OF THE CASE

1. This action is brought on behalf of the above plaintiff who received the recalled Bard® Composix® Kugel® Mesh Hernia Repair Patches. (hereinafter collectively referred to as the "Kugel Hernia Patch").

2. Defendant, DAVOL INC. ("DAVOL") is a corporation that is incorporated under the laws of the State of Rhode Island. DAVOL has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Kugel Patch") at 100 Crossing Blvd., Warwick, Rhode Island. DAVOL focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

3. Defendant, C. R. BARD INC. ("BARD") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of DAVOL and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies DAVOL with material that forms part of the Kugel Patch. BARD at all times relevant

did substantial and continuous business in the State of Rhode Island.

4. Defendants, DAVOL, INC. and C.R. BARD, INC., (hereinafter collectively referred to as "Defendants") designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed the Kugel Hernia Patch for use in repairing ventral and incisional hernias.

5. Due to the defective nature of the Kugel Hernia Patch, the Food and Drug Administration (hereinafter referred to as "FDA") was forced to issue a Class I recall of the product on three separate occasions since December 22, 2005.

6. As a result of the defective nature of the Kugel Hernia Patch, those persons who received and/or rely on the Kugel Hernia Patch have suffered and/or are at an increased risk of suffering serious and dangerous side effects, including but not limited to bowel perforations, bowel obstructions, chronic intestinal fistulae, death, and/or such other side effects as serious infection, the need for additional surgery to remove and/or replace the defective product, and/or the need for subsequent surgery to repair perforations caused by the defective product, as well as other severe and permanent health consequences as a result of their defective product.

7. Defendants concealed their knowledge of the defects in their products from the Plaintiff, and her physicians, hospitals, and the FDA.

8. Consequently, Plaintiff seeks compensatory damages as a result of her use of the Kugel Hernia Patch, which has caused, may cause, and/or will continue to cause Plaintiff to suffer physical pain, mental anguish, medical, and other expenses.

9. Defendant DAVOL designed, manufactured and distributed the Kugel Patch, a hernia mesh patch that was inserted into Plaintiffs' body.

10. Defendant DAVOL, through its agents, servants and employees, participated in

the manufacture and delivery of the Kugel Patch that was inserted into Plaintiff's body.

11. The Defendants submitted their 510k Application to the Federal Drug Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following this 510k Application the Kugel Patch was authorized by the FDA as a Class II medical device.

## JURISDICTION

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy as to the Plaintiffs exceeds $75,000.00, exclusive of interest and costs, and because Defendants are incorporated and have their principal places of business in states or countries other than the state in which the named individual and representative Plaintiff resides.

## PARTY PLAINTIFF

13. Plaintiff, CATHY BREZEALE, is a citizen of the United States of America, and is a citizen and resident of the State of South Carolina.

14. Plaintiff, CATHY BREZEALE, was born on September 8, 1954.

15. On or about April 2005, Mrs. CATHY BREZEALE underwent surgery to repair an ventral hernia. A Kugel Patch was used to repair the defect.

16. The Kugel Hernia Patch used in Plaintiff, CATHY BREZEALE, was subject to and part of the FDA recall.

17. As result of using Defendants' Kugel Hernia Patch, Plaintiff, CATHY BREZEALE, was caused to suffer, among other injuries, severe infection and was caused to sustain severe and permanent personal injuries, pain, suffering, and emotional distress.

18. The severe infection sustained by Plaintiff, CATHY BREZEALE, was due to the Defendants' Kugel Hernia Patch.

## PARTY DEFENDANTS

19. Upon information and belief, Defendant, DAVOL, INC., is incorporated in the state of Delaware, with its principal place of business in Warwick, Rhode Island.

20. Upon information and belief, Defendant, DAVOL, INC., has transacted and conducted business in the States of South Carolina and New York.

21. Upon information and belief, Defendant, DAVOL, INC., has derived substantial revenue from goods and products used in the States of South Carolina and New York.

22. Upon information and belief, Defendant, DAVOL, INC., expected or should have expected its acts to have consequence within South Carolina and New York, and derived substantial revenue from interstate commerce within the United States, South Carolina and New York, more particularly.

23. Upon information and belief, and at all relevant times, Defendant, DAVOL, INC, INC., was in the business of and did design, research, manufacture, test, advertise, promote, market, sell, and distribute the Kugel Hernia Patch for use in repairing ventral and incisional hernias.

24. Upon information and belief, Defendant, C.R. BARD, INC., is incorporated in the State of New Jersey, with its principal place of business in Murray Hill, New Jersey.

25. Upon information and belief, Defendant, C.R. BARD, INC., has transacted and conducted business in the States of South Carolina and New York.

26. Upon information and belief, Defendant, C.R. BARD, INC., has derived substantial revenue from goods and products used in the States of South Carolina and New York.

27. Upon information and belief, Defendant, C.R. BARD, INC., expected or should have expected their acts to have consequence within the States of South Carolina and New York,

and derived substantial revenue from interstate commerce within the United States, and South Carolina and New York, more particularly.

28. Upon information and belief, and at all relevant times, Defendant, C.R. BARD, INC., sells the Kugel Hernia Patch through its wholly-owned subsidiary, Defendant, DAVOL, INC.

**FACTUAL BACKGROUND**

29. At all relevant times, Defendants were in the business of and did design, research, manufacture, test, advertise, promote, market, sell, and distribute the Kugel Hernia Patch for use in repairing ventral and incisional hernias.

30. Upon information and belief, Defendant, DAVOL, INC. was acquired by Defendant, C.R. BARD, INC., in 1980, at which point DAVOL, INC. became a wholly-owned subsidiary of Defendant, C.R. BARD, INC.

31. Upon information and belief, Defendants had sales in 2004 from their Surgical Specialties segment of business, which includes the Kugel Hernia Patch, in excess of three hundred and thirteen million dollars ($313,000,000).

32. Upon information and belief, Defendants had sales in 2005 from their Surgical Specialties segment of business, which includes the Kugel Hernia Patch, in excess of three hundred and thirty million dollars ($330,000,000).

33. Upon information and belief, Defendants had sales in 2006 from their Surgical Specialties segment of business, which includes the Kugel Hernia Patch, in excess of three hundred and fifty-seven million dollars ($357,000,000).

34. Upon information and belief, Defendants are in the market for ventral and incisional hernia repair products.

35. Upon information and belief, the Kugel Hernia Patch was originally approved for sale and use by the FDA on or about January 22, 2001. The FDA's decision for approval was based upon information provided to them by Defendants.

36. Upon information and belief, Defendants introduced the Kugel Hernia Patch to the market on or about February 9, 2001.

37. Upon information and belief, Defendants' Kugel Hernia Patch is a self-expanding patch used to repair ventral and incisional hernias. The Kugel Hernia patch is placed behind the hernia through an incision. The Kugel Hernia Patch contains a "memory recoil ring" that allows the patch to be folded for insertion and later spring open and lay flat once it is in place. The alleged purpose of the Kugel Hernia Patch, once it is inside, is to allegedly stimulate tissue growth and allegedly reduce the risk of recurrent hernias.

38. On December 22, 2005 the FDA issued an immediate Class I recall of the "Extra Large Oval" sizes of the Kugel Hernia Patch. A class I recall is the most serious recall that the FDA can issue; it is issued when there is a reasonable chance that the medical device could cause serious health problems or death.

39. The basis of the December 22, 2005 recall was because of defective "memory recoil rings." These rings can "break under the stress placed on these products during placement of the large sized products in the intra-abdominal (inside the belly area) space. This can lead to bowel perforations and/or chronic intestinal fistulae." U.S. Food and Drug Administration, *Class I Recall: Bard® Composix® Kugel® Mesh Patch—Expansion* (2007), http://www.fda.gov/cdrh/recalls/recall-122205.html.

40. On March 31, 2006 the FDA expanded the list of recalled Kugel Hernia Patches to include all lots of Oval Patches (6.3" * 12.3") and specific lots of Large Oval and Large Circle Patches.

41. On January 24, 2007 the FDA further expanded the list of recalled Kugel Hernia Patches to include additional lots of Large Oval and Large Circle Patches.

42. Upon information and belief, further and additional Kugel Hernia Patches will likely be recalled.

43. Upon information and belief, Defendants did not have adequate and appropriate systems in place to collect and analyze any of the complaints they received from doctors, hospitals, and/or patients concerning the Kugel Hernia Patch, as required by the FDA, thus leading to inconsistencies and irregularities in the way Defendants kept track of complaints they received regarding the failure of the Kugel Hernia Patch.

44. Upon information and belief, Defendants knew, or should have known, of the seriousness of the risks of using the Kugel Hernia Patch based upon the state of knowledge of the Kugel Hernia Patch as it existed at that time, and upon generally accepted medical and research standards and principles.

45. Upon information and belief, Defendants knew, or should have known, of the seriousness of the risks of using the Kugel Hernia Patch based upon the complaints they received from doctors, hospitals, and/or patients who used the Kugel Hernia Patch demonstrating that the product was defective.

46. Upon information and belief, Defendants failed to send the necessary product failure reports to the FDA, as required by the FDA, indicating that the Kugel Hernia Patch was causing serious and fatal injuries in persons who used the Kugel Hernia Patch.

47. Defendants failed to appropriately and adequately warn Plaintiffs and their physicians, hospitals, and the FDA, of the serious and dangerous risks involved in using Defendants' Kugel Hernia Patch, including but not limited to bowel perforations, bowel obstructions, chronic intestinal fistulae, death, serious infection, the need for additional surgery to remove and replace the Kugel Hernia Patch, and/or the need for additional surgery to repair a perforation caused by the "memory recoil ring", as well as other severe and permanent health consequences.

48. Upon information and belief, Defendants misrepresented the known risks inherent in the use of the Kugel Hernia Patch.

49. Defendants made certain claims which were distributed and circulated to the medical and healthcare professions that the Kugel Hernia Patch was safe.

50. Defendants were careless and negligent in the manufacturing, testing, selling, distribution, merchandising, advertising, marketing, promotion, compounding, packaging, fabrication, warning, analyzing, marketing, and recommendation of the Kugel Hernia Patch.

51. By reason of the foregoing, the Plaintiff has suffered and/or are at extremely high risk of suffering serious and dangerous side effects, including but not limited to bowel perforations, bowel obstructions, chronic intestinal fistulae, death, serious infection, the need for additional surgery to remove and replace the Kugel Hernia Patch, and/or the need for additional surgery to repair a perforation caused by the "memory recoil ring", as well as other severe and permanent health consequences.

52. Plaintiff has endured and continues to suffer the mental anguish and psychological trauma of living with the knowledge that they have and/or may suffer serious dangerous side effects.

53. By reason of the foregoing, Plaintiff has been severely and permanently injured..

## FIRST CAUSE OF ACTION AS AGAINST THE DEFENDANTS (NEGLIGENCE AND NEGLIGENCE PER SE)

54. Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

55. Defendants had a duty to exercise reasonable care in the designing, researching, manufacturing, marketing, supplying, promoting, packaging, sale and/or distribution of the Kugel Hernia Patch into the stream of commerce, including a duty to assure that the product did not cause users to suffer from unreasonable, dangerous side effects.

56. Defendants failed to exercise ordinary care in the designing, researching, manufacturing, marketing, supplying, promoting, packaging, sale, testing, quality assurance, quality control, and/or distribution of the Kugel Hernia Patch into the interstate commerce in that Defendants knew or should have known that using the Kugel Hernia Patch created a high risk of unreasonable and dangerous side effects, including but not limited to bowel perforations, bowel obstructions, chronic intestinal fistulae, death, serious infection, the need for additional surgery to remove and replace the Kugel Hernia Patch, and/or the need for additional surgery to repair a perforation caused by the "memory recoil ring", as well as other severe and permanent health consequences.

57. The negligence of the Defendants, their agents, servants, and/or employees, included but was not limited to the following acts and/or omissions:

(a) Manufacturing, producing, promoting, formulating, creating, and/or designing the Kugel Hernia Patch without thoroughly testing it;

(b) Manufacturing, producing, promoting, formulating, creating,

and/or designing the Kugel Hernia Patch without adequately testing it;

(c) Not conducting sufficient testing programs to determine whether or not the aforesaid Kugel Hernia Patch was safe for use; in that Defendants herein knew or should have known that the Kugel Hernia Patch was unsafe and unfit for use by reason of the dangers to its users;

(d) Selling the Kugel Hernia Patch without making proper and sufficient tests to determine the dangers to its users;

(e) Negligently failing to adequately and correctly warn the Plaintiffs, the public, the medical and healthcare profession, and the FDA of the dangers of the Kugel Hernia Patch;

(f) Failing to provide adequate instructions regarding safety precautions to be observed by users, handlers, and persons who would reasonably and foreseeably come into contact with and use the Kugel Hernia Patch;

(g) Failing to test the Kugel Hernia Patch;

(h) Negligently advertising and recommending the use of the aforesaid Kugel Hernia Patch without sufficient knowledge as to its dangerous propensities;

(i) Negligently representing that said Kugel Hernia Patch was safe for use for their intended purpose, when, in fact, it was unsafe;

(k) Negligently designing the Kugel Hernia Patch in a manner which was dangerous to its users;

(l) Negligently manufacturing the Kugel Hernia Patch in a manner which was dangerous to its users;

(m) Negligently producing the Kugel Hernia Patch in a manner which was dangerous to its users;

(n) Negligently assembling the Kugel Hernia Patch in a manner which was dangerous to its users; and

(o) Improperly concealing information concerning FDA warnings from the Plaintiffs, healthcare professionals, and/or the FDA in knowing that the Kugel Hernia Patch was unsafe, dangerous, and/or non-conforming with FDA regulations.

(p) Defendants violated statutes, rules and ordinates concerning the manufacturing, marketing, and/or testing of their product.

58. Defendants under-reported, underestimated and downplayed the serious dangers of the Kugel Hernia Patch.

59. Defendants were negligent in the designing, researching, supplying, manufacture, promoting, packaging, distributing, testing, advertising, warning, marketing and sale of the Kugel Hernia Patch in that they:

(a) Failed to use due care in designing and manufacturing the Kugel Hernia Patch so as to avoid the aforementioned risks to individuals when the Kugel Hernia Patch was used to repair ventral and incisional hernias;

(b) Failed to accompany their product with proper and/or accurate warnings regarding all possible adverse risks and side effects associated with the use of the Kugel Hernia Patch;

(c) Failed to accompany their product with proper warnings regarding all possible adverse risks and side effects concerning the failure and/or malfunction of the Kugel Hernia Patch;

(d) Failed to warn Plaintiffs of the severity and duration of such adverse effects, as the warnings given did not accurately reflect the symptoms, or severity of the side effects;

(e) Failed to conduct adequate testing, including pre-clinical and clinical testing and post-marketing surveillance to determine the safety of the Kugel Hernia Patch;

(f) Failed to warn Plaintiffs prior to actively encouraging the sale of the Kugel Hernia Patch, either directly or indirectly, orally or in writing, about the need for more comprehensive, more regular medical monitoring than usual to ensure early discovery of potentially serious side effects;

(g) Were otherwise careless or negligent.

60. Defendants knew or should have known that consumers such as the Plaintiff would forseeably suffer injury as a result of Defendants' failure to exercise ordinary care, as set forth above.

61. Defendants' actions, by violating statutes, ordinances and/or rules and regulations, constituted negligence per se.

62. Defendants' negligence was the proximate cause of Plaintiff's injuries, harm, and economic loss which she suffered and/or will continue to suffer.

63. As a result of the foregoing acts and omissions, the Plaintiff was and/or still is caused to suffer and/or is at a greatly increased risk of suffering serious, dangerous side effects, including but not limited to bowel perforations, bowel obstructions, chronic intestinal fistulae, death, serious infection, the need for additional surgery to remove and replace the Kugel Hernia Patch, and/or the need for additional surgery to repair a perforation caused by the "memory recoil ring", as well as other severe and permanent health consequences.

64. As a result of the foregoing acts and omissions, the Plaintiff requires and will require health care and services, and did incur medical, health, incidental and related expenses. Plaintiff will in the future be required to obtain further medical and/or hospital care, attention, and services.

65. By reason of the foregoing, Plaintiff has been damaged as against the Defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00).

**SECOND CAUSE OF ACTION**
**AS AGAINST THE DEFENDANTS**
**(STRICT PRODUCTS LIABILITY)**

66. Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

67. At all times herein mentioned, the Defendants designed, researched, manufactured, tested, advertised, promoted, marketed, sold, distributed the Kugel Hernia Patch as hereinabove described and the Plaintiff was a recipient of said product.

68. That the Kugel Hernia Patch was expected to and did reach the usual consumers, handlers, and persons coming into contact with said product without substantial change in the condition in which it was produced, manufactured, sold, distributed, and marketed by the Defendants.

69. At those times, the Kugel Hernia Patch was in an unsafe, defective, and inherently dangerous condition, which was dangerous to users, and in particular, the Plaintiff herein.

70. The Kugel Hernia Patch designed, researched, manufactured, tested, advertised, promoted, marketed, sold and distributed by Defendants was defective in design or formulation in that, when it left the hands of the manufacturer and/or suppliers, the foreseeable risks exceeded the benefits associated with the design or formulation of the Kugel Hernia Patch.

71. The Kugel Hernia Patch designed, researched, manufactured, tested, advertised, promoted, marketed, sold and distributed by Defendants was defective in design and/or formulation, in that, when it left the hands of the Defendants manufacturers and/or suppliers, it was unreasonably dangerous, and it was more dangerous than an ordinary consumer would expect.

72. At all times herein mentioned, the Kugel Hernia Patch was in a defective condition and unsafe, and Defendants knew or had reason to know that said product was defective and unsafe, especially when used in the form and manner as provided by the Defendants.

73. Defendants knew, or should have known that at all times herein mentioned, the Kugel Hernia Patch was in a defective condition, and was inherently dangerous and unsafe.

74. At the time of the Plaintiff's receipt and/or use of the Kugel Hernia Patch, the Kugel Hernia Patch was being used for the purposes and in a manner normally intended, namely for the repair of ventral and incisional hernias.

75. Defendants, with this knowledge, voluntarily designed the Kugel Hernia Patch in a dangerous condition for use by the public, and in particular the Plaintiff.

76. Defendants had a duty to create a product that was not unreasonably dangerous for its normal, intended use.

77. Defendants created a product unreasonably dangerous for its normal, intended use.

78. The Kugel Hernia Patch designed, researched, manufactured, tested, advertised, promoted, marketed, sold and distributed by Defendants was manufactured defectively in that said Kugel Hernia Patch left the hands of Defendants in a defective condition and was unreasonably dangerous to its intended users.

79. The Kugel Hernia Patch designed, researched, manufactured, tested, advertised, promoted, marketed, sold and distributed by Defendants reached their intended users in the same defective and unreasonably dangerous condition in which the Defendants' Kugel Hernia Patch was manufactured.

80. Defendants designed, researched, manufactured, tested, advertised, promoted, marketed, sold and distributed a defective product which created an unreasonable risk to the health of consumers and to the Plaintiff in particular, and Defendants are therefore strictly liable for the injuries sustained by the Plaintiff.

81. The Plaintiff could not, by the exercise of reasonable care, have discovered the defects herein mentioned and perceived their danger.

82. The Kugel Hernia Patch designed, researched, manufactured, tested, advertised, promoted, marketed, sold and distributed by Defendants was defective due to inadequate warnings or instructions because the manufacturer knew or should have known that the product created a risk of unreasonable, dangerous side effects, including but not limited to bowel perforations, bowel obstructions, chronic intestinal fistulae, death, serious infection, the need for additional surgery to remove and replace the Kugel Hernia Patch, and/or the need for additional surgery to repair a perforation caused by the "memory recoil ring", as well as other severe and permanent health consequences, and the Defendants failed to adequately warn of said risk.

83. The Kugel Hernia Patch designed, researched, manufactured, tested, advertised, promoted, marketed, sold and distributed by Defendants was defective due to inadequate warnings and/or inadequate testing.

84. The Kugel Hernia Patch designed, researched, manufactured, tested, advertised, promoted, marketed, sold and distributed by Defendants were defective due to inadequate post-marketing surveillance and/or warnings because, after the manufacturer knew or should have known of the unreasonable, dangerous side effects, including but not limited to bowel perforations, bowel obstructions, chronic intestinal fistulae, death, serious infection, the need for additional surgery to remove and replace the Kugel Hernia Patch, and/or the need for additional surgery to repair a perforation caused by the "memory recoil ring", as well as other severe and permanent health consequences, and Defendants failed to provide adequate warnings to users or consumers of the product, and continued to promote the product.

85. By reason of the foregoing, the Defendants have become strictly liable in tort to the Plaintiff for the manufacturing, marketing, promoting, distribution, and selling of a defective product, the Kugel Hernia Patch.

86. Defendants' defective design, manufacturing defect, and inadequate warnings of the Kugel Hernia Patch were acts that amount to willful, wanton, and/or reckless conduct by Defendants.

87. That said defects in Defendants' Kugel Hernia Patch were a substantial factor in causing Plaintiff's injuries.

88. As a result of the foregoing acts and omissions, the Plaintiff was and still is caused to suffer and/or at a great risk of suffering serious and dangerous side effects including but not limited to bowel perforations, bowel obstructions, chronic intestinal fistulae, death, serious infection, the need for additional surgery to remove and replace the Kugel Hernia Patch, and/or the need for additional surgery to repair a perforation caused by the "memory recoil ring", as well as other severe and permanent health consequences.

89. As a result of the foregoing acts and omissions, the Plaintiff requires and/or will require more health care and services, and did incur medical, health, incidental and related expenses. Plaintiff is informed and believes and further alleges that Plaintiff will in the future be required to obtain further medical and/or hospital care, attention, and services.

90. By reason of the foregoing, Plaintiff has been damaged as against the Defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00).

**THIRD CAUSE OF ACTION**
**AS AGAINST THE DEFENDANTS**
**(BREACH OF EXPRESS WARRANTY)**

91. Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

92. Defendants expressly warranted that the Kugel Hernia Patch was safe and/or well accepted by users.

93. The Kugel Hernia Patch does not conform to these express representations because the Kugel Hernia Patch is not safe and have numerous serious risks and side effects. As a direct and proximate result of the breach of said warranties, Plaintiff suffered and/or will continue to suffer severe and permanent personal injuries, harm and economic loss.

94. Plaintiff did rely on the express warranties of the Defendants herein.

95. Members of the medical community, including physicians and other healthcare professionals, relied upon the representations and warranties of the Defendants for use of the Kugel Hernia Patch.

96. The Defendants herein breached the aforesaid express warranties, as their Kugel Hernia Patches were defective.

97. Defendants expressly represented to the users, their physicians, healthcare providers, and the FDA that the Kugel Hernia Patch was safe and fit for use for the purposes intended, that it was of merchantable quality, that it did not produce any dangerous side effects, and that it was adequately tested and fit for its intended use.

98. Defendants knew or should have known that, in fact, said representations and warranties were false, misleading and untrue in that the Kugel Hernia Patch was not safe and fit

for the use intended, and, in fact, produced serious injuries to the users.

99. As a result of the foregoing acts and/or omissions, the Plaintiff was and still is caused to suffer and/or is at a great risk of suffering serious and dangerous side effects including but not limited to bowel perforations, bowel obstructions, chronic intestinal fistulae, death, serious infection, the need for additional surgery to remove and replace the Kugel Hernia Patch, and/or the need for additional surgery to repair a perforation caused by the "memory recoil ring", as well as other severe and permanent health consequences.

100. As a result of the foregoing acts and omissions the Plaintiff requires and/or will require health care and services and did incur medical, psychiatric, health, incidental and related expenses. Plaintiff is informed and believes and further alleges that Plaintiff will in the future be required to obtain further medical, psychiatric and/or hospital care, attention, and services.

101. By reason of the foregoing, Plaintiff has been damaged as against the Defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00).

## FOURTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS (BREACH OF IMPLIED WARRANTIES)

102. Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

103. At all times herein mentioned, the Defendants manufactured, compounded, portrayed, distributed, recommended, merchandized, advertised, promoted and sold the Kugel Hernia Patch, which is used for repairing ventral and incisional hernias.

104. At the time Defendants marketed, sold, and distributed the Kugel Hernia Patch for

use by Plaintiff, Defendants knew of the use for which the Kugel Hernia Patch was intended and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

105. The Defendants impliedly represented and warranted to the users and her physicians, healthcare providers, and the FDA that the Kugel Hernia Patch was safe and of merchantable quality, and fit for the ordinary purpose for which said product was to be used.

106. That said representations and warranties aforementioned were false, misleading, and inaccurate in that the Kugel Hernia Patch was unsafe, unreasonably dangerous, improper, not of merchantable quality, and defective.

107. Plaintiff and members of the medical community did rely on said implied warranty of merchantability of fitness for a particular use and purpose.

108. Plaintiff and her physicians and healthcare professionals reasonably relied upon the skill and judgment of Defendants as to whether the Kugel Hernia Patch was of merchantable quality and safe and fit for its intended use.

109. The Kugel Hernia Patch was injected into the stream of commerce by the Defendants in a defective, unsafe, and inherently dangerous condition and the products and materials were expected to and did reach users, handlers, and persons coming into contact with said products without substantial change in the condition in which they were sold.

110. The Defendants herein breached the aforesaid implied warranties, as their Kugel Hernia Patches were not fit for their intended purposes and uses.

111. As a result of the foregoing acts and omissions, the Plaintiff was and still is caused to suffer and/or is at a great risk of suffering serious and dangerous side effects including but not limited to bowel perforations, bowel obstructions, chronic intestinal fistulae, death, serious infection, the need for additional surgery to remove and replace the Kugel Hernia Patch,

and/or the need for additional surgery to repair a perforation caused by the "memory recoil ring", as well as other severe and permanent health consequences.

112. As a result of the foregoing acts and omissions the Plaintiff requires and will require health care and services and did incur medical, psychiatric, health, incidental and related expenses. Plaintiff is informed and believes and further alleges that Plaintiff will in the future be required to obtain further medical, psychiatric and/or hospital care, attention, and services.

113. By reason of the foregoing, Plaintiff has been damaged as against the Defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00).

**FIFTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS (FRAUDULENT MISREPRESENTATION)**

114. Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

115. The Defendants falsely and fraudulently represented to the medical and healthcare community, and to the Plaintiff, the FDA, and the public in general, that said product, the Kugel Hernia Patch, had been tested and found to be safe and effective for its intended use in repairing ventral and incisional hernias.

116. The representations made by Defendants were, in fact, false.

117. When said representations were made by Defendants, it knew the representations to be false, and it willfully, wantonly and recklessly disregarded whether the representations were true.

118. These representations were made by said Defendants with the intent of defrauding and deceiving the Plaintiff, the public in general, and the medical and healthcare community in particular, and were made with the intent of inducing the public in general, and the medical and healthcare community in particular, to recommend and use said product, the Kugel Hernia Patch, in repairing ventral and incisional hernias, all of which evinced a callous, reckless, willful, depraved indifference to the health, safety and welfare of the Plaintiff herein.

119. At the time the aforesaid representations were made by the Defendants and, at the time that the Plaintiff used the Kugel Hernia Patch, the Plaintiff was unaware of the falsity of said representations and reasonably believed them to be true.

120. In reliance upon said representations, the Plaintiff was induced to and did use the Kugel Hernia Patch, thereby sustaining severe and permanent personal injuries, and/or being at an increased risk of sustaining severe and permanent personal injuries in the future.

121. Said Defendants knew and were aware or should have known that the Kugel Hernia Patch had not been sufficiently tested, was defective in nature, and/or that it lacked adequate and/or sufficient warnings.

122. Defendants knew or should have known that the Kugel Hernia Patch had a potential to, could, and would cause severe and grievous injury to the users of said product, and that it was inherently dangerous.

123. Defendants brought the Kugel Hernia Patch to the market, and acted fraudulently, wantonly and maliciously to the detriment of the Plaintiff.

124. As a result of the foregoing acts and omissions, the Plaintiff was and still is caused to suffer and/or is at a greatly increased risk of suffering serious and dangerous risks and side effects, including but not limited to bowel perforations, bowel obstructions, chronic

intestinal fistulae, death, serious infection, the need for additional surgery to remove and replace the Kugel Hernia Patch, and/or the need for additional surgery to repair a perforation caused by the "memory recoil ring", as well as other severe and permanent health consequences.

125. As a result of the foregoing acts and omissions the Plaintiff requires and/or will require health care and services, and did incur medical, health, incidental and related expenses. Plaintiff is informed and believes and further alleges that Plaintiff will in the future be required to obtain further medical and/or hospital care, attention, and services.

126. By reason of the foregoing, Plaintiff has been damaged as against the Defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00).

## SIXTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS (FRAUDULENT CONCEALMENT)

127. Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

128. At all times during the course of dealing between Defendants and Plaintiff, Defendants misrepresented that the Kugel Hernia Patch was safe for its intended use.

129. Defendants knew or were reckless in not knowing that its representations were false.

130. In representations to Plaintiff, the FDA and healthcare providers, Defendants fraudulently concealed and intentionally omitted the following material information:

1. that the Kugel Hernia Patch was not safe for repairing ventral and incisional hernias;

2. that the risk of serious injury and side effects with the Kugel Hernia Patch were not adequately tested by Defendants;

3. that Defendants were aware of dangers with the Kugel Hernia Patch;

4. that the Kugel Hernia Patch was defective, and that it caused dangerous side effects, including but not limited to bowel perforations, bowel obstructions, chronic intestinal fistulae, death and/or serious infections, as well as other severe and permanent health consequences;

5. that patients needed to be monitored more regularly than normal while using the Kugel Hernia Patch;

6. that the Kugel Hernia Patch was manufactured negligently;

7. that the Kugel Hernia Patch was manufactured defectively;

8. that the Kugel Hernia Patch was manufactured improperly;

9. that the Kugel Hernia Patch was designed negligently;

10. that the Kugel Hernia Patch was designed defectively; and

11. that the Kugel Hernia Patch was designed improperly.

145. Defendants were under a duty to disclose to Plaintiff and her physicians, hospitals, healthcare providers, and the FDA the defective nature of the Kugel Hernia Patch.

146. Defendants had sole access to material facts concerning the defective nature of the Kugel Hernia Patch and its propensity to cause serious and dangerous side effects, and hence, cause damage to persons who used the Kugel Hernia Patch, including the Plaintiffs.

147. Defendants' concealment and omissions of material facts concerning, <u>inter alia</u>, the safety of the Kugel Hernia Patch was made purposefully, willfully, wantonly, and/or recklessly, to mislead Plaintiff, and her physicians, hospitals and healthcare providers into reliance on and use of the Kugel Hernia Patch.

148. Defendants knew that Plaintiff, and her physicians, hospitals, healthcare providers, and the FDA had no way to determine the truth behind Defendants' concealment and omissions, and that these included material omissions of facts surrounding the Kugel Hernia Patch, as set forth herein.

149. Plaintiff, as well as her doctors, healthcare providers, and/or hospitals reasonably relied on facts revealed which negligently, fraudulently and/or purposely did not include facts that were concealed and/or omitted by Defendants.

150. As a result of the foregoing acts and omissions the Plaintiff was and still is caused to suffer severe and/or is at a greatly increased risk of suffering serious and dangerous risks and side effects including but not limited to bowel perforations, bowel obstructions, chronic intestinal fistulae, death, serious infection, the need for additional surgery to remove and replace the Kugel Hernia Patch, and/or the need for additional surgery to repair a perforation caused by the "memory recoil ring", as well as other severe and permanent health consequences.

151. As a result of the foregoing acts and omissions the Plaintiff requires and will require health care and services and did incur medical, psychiatric, health, incidental and related expenses. Plaintiff is informed and believes and further alleges that Plaintiff will in the future be required to obtain further medical and/or hospital care, attention, and services.

152. By reason of the foregoing, Plaintiff has been damaged as against the Defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00).

**SEVENTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS (NEGLIGENT MISREPRESENTATION)**

153. Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

154. Defendants had a duty to represent to the medical and healthcare community, and to the Plaintiff, the FDA and the public in general that said product, the Kugel Hernia Patch, had been tested and found to be safe and effective for repairing ventral and incisional hernias.

155. The representations made by Defendants were, in fact, false.

156. Defendants failed to exercise ordinary care in the representation of the Kugel Hernia Patch, while involved in its manufacture, sale, testing, quality assurance, quality control, and/or distribution of said product into interstate commerce, in that Defendants negligently misrepresented the Kugel Hernia Patch's high risk of unreasonable, dangerous side effects.

157. Defendants breached their duty in representing the Kugel Hernia Patch's serious side effects to the medical and healthcare community, to the Plaintiffs, the FDA and the public in general.

158. As a result of the negligent misrepresentations of the Defendants set forth hereinabove, said Defendants knew and were aware or should have known that the Kugel Hernia Patch had been insufficiently tested, that it had not been tested, that it lacked adequate warnings, and/or that it created a high risk of unreasonable, dangerous side effects, including but not limited to bowel perforations, bowel obstructions, chronic intestinal fistulae, death, and severe infections, as well as other severe and permanent health consequences.

159. As a result of the foregoing acts and omissions the Plaintiff requires and will require health care and services and did incur medical, health, incidental and related expenses. Plaintiff is informed and believes and further alleges that Plaintiff will in the future be required to obtain further medical and/or hospital care, attention, and services.

160. By reason of the foregoing, Plaintiff has been damaged as against the Defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00).

**EIGHTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS (FRAUD AND DECEIT)**

161. Plaintiff repeats, reiterates, and realleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

162. Defendants conducted research and used the Kugel Hernia Patch as part of their research.

163. As a result of Defendants' research and testing, or lack thereof, Defendants distributed blatantly and intentionally false information, including but not limited to assuring the public, the Plaintiffs, their doctors, hospitals, healthcare professionals, and the FDA that the Kugel Hernia Patch was safe to use as a means of repairing ventral and incisional hernias.

164. As a result of Defendants' research and testing, or lack thereof, Defendants intentionally omitted certain results of testing and research to the public, healthcare professionals, and/or the FDA, including the Plaintiffs.

165. Defendants had a duty when disseminating information to the public to disseminate truthful information and a parallel duty not to deceive the public and the Plaintiff, as well as her respective healthcare providers and/or the FDA.

166. The information distributed to the public, the FDA and the Plaintiff, by Defendants, including but not limited to reports and press releases, contained material representations of fact and/or admissions.

167. The information distributed to the public, the FDA, and the Plaintiff, by Defendants intentionally included representations that Defendants' Kugel Hernia Patch was safe for use in repairing ventral and incisional hernias.

168. The information distributed to the public, the FDA, and the Plaintiffs, by Defendants intentionally included false representations that the Kugel Hernia Patch was not injurious to the health and/or safety of its intended users.

169. These representations were false and misleading.

170. Upon information and belief, Defendants intentionally suppressed, ignored and disregarded test results not favorable to the Defendants, and results that demonstrated that the Kugel Hernia Patch was not safe as a means of repairing ventral and incisional hernias.

171. Defendants intentionally made material representations to the FDA and the public, including the medical profession and the Plaintiff, regarding the safety of the Kugel Hernia Patch, specifically but not limited to the Kugel Hernia Patch not having dangerous and serious health and/or safety concerns.

172. That it was the purpose of Defendants in making these representations to deceive and defraud the public, the FDA, and the Plaintiff, to gain the confidence of the public, the FDA, and the Plaintiff, to falsely ensure the quality and fitness for use of the Kugel Hernia Patch and induce the public, and the Plaintiff to use the Kugel Hernia Patch.

173. Defendants made the aforementioned false claims and false representations with the intent of convincing the public, the FDA, and the Plaintiffs, that Kugel Hernia Patch was fit and safe for use in repairing ventral and incisional hernias.

174. That Defendants made claims and representations in its documents submitted to the FDA, to the public, and the Plaintiff, that the Kugel Hernia Patch did not present serious health and/or safety risks.

175. That these representations and others made by Defendants were false when made, and/or were made with a pretense of actual knowledge when knowledge did not actually exist, and/or were made recklessly and without regard to the actual facts.

176. That these representations and others, made by Defendants, were made with the intention of deceiving and defrauding the Plaintiff, and were made in order to induce the Plaintiff to rely upon misrepresentations and caused the Plaintiff to use and rely on the Kugel Hernia Patch.

177. That Defendants, recklessly and intentionally falsely represented the dangerous and serious health and/or safety concerns of the Kugel Hernia Patch to the public at large, the Plaintiff in particular, for the purpose of influencing the marketing of a product known to be dangerous and defective.

178. That Defendants willfully and intentionally failed to disclose the material facts regarding the dangerous and serious safety concerns of the Kugel Hernia Patch by concealing the suppressing material facts regarding the dangerous and serious health and/or safety concerns of the Kugel Hernia Patch.

179. That Defendants willfully and intentionally failed to disclose the truth, failed to disclose material facts and made false representations with the purpose and design of deceiving

and lulling the Plaintiff into a sense of security so that Plaintiff would rely on the representations and purchase, use, and rely on the Kugel Hernia Patch and/or that their respective healthcare providers would do the same.

180. Defendants, through their public relations efforts, which included but were not limited to the public statements and press releases, knew or should have known that the public, including the Plaintiff, would rely upon the information being disseminated.

181. That the Plaintiff did in fact rely on and believe the Defendants' representations to be true at the time they were made and relied upon the representations as well as the superior knowledge of hernia repair patches, and were thereby induced to purchase, use and rely on Defendants' Kugel Hernia Patch.

182. That at the time the representations were made, the Plaintiff did not know the truth with regard to the dangerous and serious health and/or safety concerns of the Kugel Hernia Patch.

183. That the Plaintiff did not discover the true facts with respect to the dangerous and serious health and/or safety concerns, and the false representations of Defendants, nor could the Plaintiff with reasonable diligence have discovered the true facts.

184. That had the Plaintiff known the true facts with respect to the dangerous and serious health and/or safety concerns of the Kugel Hernia Patch, Plaintiff would not have used and/or relied on Defendants' Kugel Hernia Patch.

185. That the Defendants' aforementioned conduct constitutes fraud and deceit, and was committed and/or perpetrated willfully, wantonly, and/or purposefully on the Plaintiff.

186. As a result of the foregoing acts and omissions, the Plaintiff was and still is caused to suffer and/or are at a greatly increased risk of suffering serious and dangerous risks and

side effects including but not limited to bowel perforations, bowel obstructions, chronic intestinal fistulae, death, serious infection, the need for additional surgery to remove and replace the Kugel Hernia Patch, and/or the need for additional surgery to repair a perforation caused by the "memory recoil ring", as well as other severe and permanent health consequences.

187. As a result of the foregoing acts and omissions the Plaintiff requires and will require health care and services and did incur medical, health, incidental and related expenses. Plaintiff is informed and believe sand further alleges that Plaintiff will in the future be required to obtain further medical and/or hospital care, attention, and services.

188. By reason of the foregoing, each Plaintiff has been damaged as against the Defendants in the sum of TEN MILLION DOLLARS ($10,000,000.00).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

1. Awarding compensatory damages to Plaintiff for past and future damages, including but not limited to pain and suffering for severe and permanent personal injuries sustained by the Plaintiff, health care costs, medical monitoring, together with interest and costs as provided by law;

2. Punitive and/or exemplary damages for the wanton, willful, fraudulent, reckless acts of the Defendants who demonstrated a complete disregard and reckless indifference for the safety and welfare of the general public and to the Plaintiff in an amount sufficient to punish Defendants and deter future similar conduct;

3. Awarding Plaintiff reasonable attorneys fees;

4. Awarding Plaintiff the costs of these proceedings; and

5. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 7, 2008

**DOUGLAS & LONDON, P.C.**

By: ______________________
MICHAEL A. LONDON (ML-7510)
111 John Street, Suite 1400
New York, New York 10038
Ph: (212) 566-7500
Fax: (212) 566-7501
Email: mlondon@douglasandlondon.com

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demand trial by jury as to all issues.

______________________
MICHAEL A. LONDON (ML-7510)